BARNABAS BRACKETT *versus* AARON MCKENNEY.
SAME *versus* JOSEPH BENNETT & *al.*

A levy upon real estate will be sustained so far as the return of the officer upon the back of the execution is concerned, if it import by necessary intendment the actual performance of all the statute requisites.

A certificate, that the appraisers "made oath in due form of law that they would faithfully and impartially appraise such real estate of the within named" debtor "as should be shown them to satisfy the within execution and all fees, shows a sufficient compliance with the oath required in R. S. of 1841, c. 94, § 4.

To "set off," as used in R. S. of 1841, c. 94, § 24, simply means to separate or assign for the purpose of satisfying the execution and officer's fees so far as the appraised value of the land will go.

The return of appraisers, duly signed and indorsed upon an execution extended upon land, minutely described by metes and bounds the various parcels of land which they had examined, and specified their estimate of its value to each, concluding : "all of the above mentioned lots, amounting to the sum" named, "the same having been shown to us by the within named" creditor, "to satisfy the within execution in full and all fees for levying same." The officer's return thereon, adopted that of the appraisers, and alleged that he had seized, on this execution, the real estate above described;" that, after being duly sworn, the appraisers, "upon oath appraised the same as above appears and each lot separately, the whole amounting to the sum" named, "in full satisfaction of the within execution and all fees;" that "the premises are correctly described;" that "I have this day agreeably to law delivered seizin and possession of the same premises to the within named" creditor, "to have and to hold the same to the said" creditor, "his heirs and assigns forever;" and that "I therefore return this execution fully satisfied:"— *Held*, that the officer's return substantially states that the appraisers "appraised and set off the premises, after viewing the same, at the price specified," as required by R. S., c. 94, § 24, clause 4.

ON EXCEPTIONS.

REAL ACTIONS.

The only question is as to the validity of a levy made Dec. 26, 1855. The cases are sufficiently stated in the opinion.

*Howard & Cleaves*, for the plaintiff.

*N. S. & F. J. Littlefield*, for McKenney.

*D. R. Hastings*, for Bennett.

BARROWS, J. — REAL ACTIONS, presented on exceptions to the ruling of the Judge at *nisi prius* ordering judgment for the tenants, the cases having been submitted to him for decision, reserving the right to either party to except.

The only question is as to the sufficiency of a levy which is the foundation of the tenants' title.

The demandant owns the land, unless his title was divested by a levy made Dec. 26, 1855, on an execution against him in favor of one Sewall Fly, whose title thus acquired has vested in the tenants.

It is hardly necessary to reiterate what has been so often and so uniformly held by the Courts, that the levy of an execution, being a statute conveyance of the debtor's property, *in invitum*, must always be perfect; i. e., everything made necessary by the statute to pass the property must appear by the record to have been done.

But while it is necessary that the language of the return should be explicit to a common intent and understanding, leaving nothing that is essential to mere argument or probable inference, strict verbal conformity to the language of the statute has never been required. While it may be desirable, for the avoidance of controversies like the present, to adhere carefully to the phraseology of the governing statute, the levy will be sustained if the return imports by necessary intendment the actual performance of all the statute requisites. "The letter of the statute is not solely to be regarded," says WHITMAN, C. J., in *Roop* v. *Johnson,* 23 Maine, 335.

It is necessary that certain facts shall be "substantially" stated in the return, says the statute. R. S., 1841, c. 94, § 24 ; R. S., 1857, c. 76, § 5.

This levy, having been made previous to the revision of 1857, must be examined in view of the statutes which were then in force.

The first objection urged against it is, that it does not appear in the language of the statute that the appraisers were sworn "to appraise such real estate as shall be shown to

them to be taken by said execution." The language of the certificate is that they "made oath in due form of law that they would faithfully and impartially appraise such real estate of the within named Barnabas Brackett as should be shown them to satisfy the within execution and all fees."

The essential thing required here, is that the appraisers should be duly sworn beforehand, faithfully and impartially to appraise the debtor's land which is to be the subject of the levy. "Such real estate of the within named Barnabas Brackett as should be shown them to satisfy the within execution,"—"such real estate as shall be shown to them to be taken by said execution." There is no room for conjecture or mistake here as to what land was to be appraised, nor for what purpose it was to be appraised. In a levy, land cannot be said to "satisfy" an execution unless it is "taken" on it. The objection is futile.

The only other objection alleged, is that the return does not state in direct terms that the land taken was "set off" to the execution creditor.

The phrase "set off" does not appear either in the return itself or in the certificate of the appraisers which is "adopted and made part of the return."

Among the facts which must be "substantially" stated in the return, we find the following:—"that they," (the appraisers,) "appraised and set off the premises after viewing the same at the price specified." 4th specification, § 24, c. 94.

If there was any magic in the words "set off" which made the use of them indispensable to the validity of a levy, it is reasonable to suppose that we should have found them in § 6, which prescribes the duties of the appraisers as follows: "The appraisers shall proceed with the officer to view and examine the land so far as may be necessary to a just estimate of its value; and the description and appraisement of the land shall be indorsed on the execution and signed by them." This is what the appraisers are to do, and there-upon the officer is to return substantially their doings as we

have just seen, i. e., that they appraised and set off the premises, &c. To "set off," in this connection, simply means to separate or assign for a particular purpose, which purpose, in case of a.levy on real estate, is to satisfy the execution and officer's fees as far as the appraised value of the land will go.

Let us see what appears by the return to have been done here.

First, the appraisers were sworn, as we have seen, "faithfully and impartially to appraise such real estate of the within named Barnabas Brackett as should be shown them, to satisfy the within execution and all fees." Then they indorse upon the execution a certificate signed by them, minutely describing by metes and bounds, (thus virtually setting off and separating them from the adjoining lands,) the various parcels of land which they have examined, and affixing their estimate of its value to each parcel, and they conclude their certificate as follows : — "All of the above mentioned lots and pieces of lands, amounting to the sum of twenty-eight hundred and seventy-three dollars and sixty-two cents, the same having been shown to us by Sewall Fly, the within named creditor, to satisfy the within execution in full, and all fees for levying the same." Then the officer, premising as follows : — "The within named creditor, Sewall Fly, having thought proper to have .the within execution levied on the real estate of the within named Barnabas Brackett, I have this day, by virtue of the same, seized on this execution the real estate above described," — besides making the appraisers' certificate indorsed thereon, a part of his return, and stating that they went with him and examined the premises, &c., further returns as to this part of the proceedings, — "they there, upon their oaths, appraised the same as above appears, each lot separately, the whole amounting to the sum of twenty-eight hundred and seventy-three dollars and sixty-two cents, in full satisfaction of the within execution and all fees." * * * * * "The premises are correctly described in the certificate," * * * * "and I

have this day, agreeably to law, delivered seizin and possession of the said premises to Sewall Fly, the within named creditor, to have and to hold the same to the said Fly, his heirs and assigns forever, in full satisfaction and discharge of this execution and charges of levying the same." * * * " I therefore return this execution fully satisfied."

It cannot be maintained that the officer does not " substantially" state that the appraisers " appraised and set off the premises, after viewing the same, at the price specified." The act of separation from the adjoining lots by them, and the purpose for which it was done, sufficiently appear.

All that the statute requires for the protection of the debtor's rights and interests was substantially performed. His title in the premises levied upon passed to the creditor, and has now vested in the tenants.

*Exceptions in each case overruled.*

APPLETON, C. J., KENT, WALTON, DANFORTH and TAPLEY, JJ., concurred.